RECEIVED
IN LAKE CHARLES, LA

JUL - 6 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| LOLA STELLY | : | DOCKET NO. 2:05 CV 0212 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| AIR LOGISTICS, L.L.C. | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court is a Motion for Summary Judgment [doc. 12] filed by the defendant, Air Logistics, L.L.C.. The plaintiff has filed an opposition and the defendant has filed a reply. This matter is fully briefed and ready for disposition. Air Logistics alleges that the plaintiff's claims are untimely and should be dismissed.

Summary Judgment Standard

Rule 56(c) provides that "[summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c) The movant bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, and answers to interrogatories, admissions on file and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988). Once

a proper motion has been made, the non-moving party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53; *Anderson*, 477 U.S. at 257, 106 S.Ct. at 2514-15; *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to her case on which she bears the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.

Facts

The plaintiff, Lola Stelly, began working for Air Logistics on September 21, 2000. She worked as a ground support employee. The plaintiff alleges that she enjoyed her job and she had reported no problems. She was transferred to a new shift and began to be supervised by William A "Tony" Hermans. Stelly alleges that following the shift change, her work became more difficult and emotionally stressful due to Hermans's constant berating and ridicule regarding her age.

On September 21, 2001, Stelly was involved in an automobile accident at the defendant's premises in Creole, Louisiana. Stelly accidently backed into a parked vehicle owned by a fellow employee. Stelly alleges that she attempted to report the accident to a superior or to an officer of the defendant as required by company policy. However, neither her supervisor, nor any other superiors to whom the accident could be reported, were available immediately after the accident. She reported the accident to her supervisor, Tony Hermans, and to the Cameron Parish Sheriff's Office upon her return to the Air Logistics base about thirty minutes later.

On October 3, 2001, following a one week absence due to her relief schedule, Stelly returned to work and was summoned by Hermans to his office. She was informed that she was being

terminated for failing to follow company policy by not timely reporting the accident. The plaintiff alleges that the defendant, on the recommendation of Hermans, used the accident as a pretext for terminating her and that the defendant then hired a younger employee to perform her job.

On June 27, 2002, Stelly filed a Charge of Discrimination with the Louisiana Commission on Human Rights (LCHR) and with the Equal Employment Opportunity Commission (EEOC). Her charge alleged that she was discriminated against in violation of federal and state law between May, 2001, up until the date of her termination on October 3, 2001. She asserted violations of the Louisiana Employment Discrimination statutes, La. R.S. 23:301 et seq., and the Federal Age Discrimination in Employment Act, 29 U.S.C. §§621, et seq.

The EEOC issued a Dismissal and Notice of Rights (right to sue) letter on June 8, 2004[1]. Stelly alleges that she never received this Right to Sue letter. She asserts that she filed her claim on June 27, 2002, through counsel in Houston, Texas, and that the claim remained pending for nearly two years. On March 24, 2004, plaintiff's Houston counsel contacted LCHR requesting a copy of the Right to Sue letter. The Right to Sue letter was never received by plaintiff's counsel and Houston counsel withdrew from the case on May 13, 2004.[2]

On May 28, 2004, LCHR sent a Right to Sue letter to the plaintiff's former address, which she had provided upon filing her claim. The EEOC sent a Right to Sue letter to the plaintiff's former address on June 8, 2004. The plaintiff testifies that she received neither Right to Sue letter.

---

[1] This Notice was mailed to the address that Stelly had provided on her initial charge.

[2] There is no competent summary judgment evidence to support these allegations. There is no affidavit from Houston counsel, merely unsupported allegations by the plaintiff. The plaintiff contacted her current counsel regarding representation after she received the October 23, 2004 Right to Sue letter.

3

On June 9, 2004, the plaintiff sent a letter to the LCHR requesting a Right to Sue letter and made a notation of her new address. On June 18, 2004, LCHR, through Jonathan Harris, sent the letter via facsimile, to Ms. Maple Thomas of the EEOC.[3] No new Right to Sue letter was issued following this notice.

On October 19, 2004, Stelly contacted the EEOC stating that she never received her Right to Sue letter. The EEOC representative, Maple Thomas, instructed Stelly that although the EEOC had not found a violation of the discrimination statutes, "she could pursue [the] matter further in federal district court if she would like to do so." In addition, the plaintiff alleges that Thomas told her that the time in which she could file suit would not begin until the plaintiff actually received the Right to Sue letter.[4]

On October 20, 2004, the EEOC mailed the plaintiff a Right to Sue letter. Stelly received the letter on October 23, 2004, and contacted counsel regarding the prosecution of her claim.

On January 14, 2005, Stelly filed suit in the Louisiana Thirty-Eighth Judicial District Court, Parish of Cameron, against Air Logistics. In her petition, Stelly alleged that she received the

---

[3] See facsimile cover sheet, plaintiff Exh. B; Letter to LCHR, Plaintiff exh.C.

[4] Again, Stelly did not produce competent summary judgment evidence sufficient to meet her burden. *See* Fed.R.Civ.P. 56(e). Stelly's self-serving reference to this alleged conversation with Thomas is not the type of "significant probative evidence" required to defeat summary judgment. *United States v. Lawrence*, 276 F.3d 193 (5th Cir.2001) (internal quotations and citations omitted); *Paredes v. City of Odessa*, 124 Fed.Appx. 263, 264, 2005 WL 458724, **1 (5th Cir.(Tex. (C.A.5 (Tex.), 2005).

Dismissal and Notice of Rights within ninety days of filing suit. She alleged that she had exhausted her administrative remedies.

On February 4, 2005, Air Logistics filed a Notice of Removal to this court.

Air Logistics argues that Stelly's petition is untimely under both state and federal statutes of limitation. Stelly argues that she filed suit within ninety days from actual receipt of the EEOC Right to Sue letter and that her suit was timely filed.

Law and Analysis

Employment discrimination plaintiffs must exhaust all administrative remedies before pursuing claims in federal court. Exhaustion occurs when a plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir.1996). Title VII provides that claimants have ninety days to file a civil action after *receipt* of such notice from the EEOC. *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir.1982) (citing 42 U.S.C. § 2000e-5(f)91 (1994)). The requirement to file the lawsuit within the ninety-day limitation period is strictly construed. *See Ringgold v. National Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir.1986); *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir.1985). Courts within this circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. *See e.g., Butler v. Orleans Parish School Board*, No. Civ. A. 00-0845, 2001 WL 1135616 (E.D.La. Sept.25, 2001) (dismissing Title VII claims where a *pro se* plaintiff filed her complaint one day beyond the ninety-day period because she and her husband were prevented filing on the ninetieth day, as planned, by family illnesses). Although filing of an EEOC charge is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court." *Dao*, 96 F.3d at 789. For all intents and purposes, the ninety-day filing period

5

acts as a statute of limitations. *Espinoza,* 754 F.2d at 1249 n. 1. Ordinarily, commencement of the ninety-day period begins to run on the day that notice is received at the address supplied to the EEOC by the claimant. *Id.* at 1249; *Bowers v. Potter,* 113 Fed.Appx. 610, 612-613, 2004 WL 2434892, **2 (5th Cir.(Tex. (C.A.5 (Tex.), 2004).

In this case, the Right to Sue letter was mailed June 8, 2004. Ninety days from that date was September 6, 2004. Suit was not filed until January 14, 2005. Stelly argues that this ninety day period is subject to equitable tolling. The Fifth Circuit has held that equitable tolling may apply "when the EEOC misleads the claimant about the nature of her rights."[5] In this case Stelly has made no showing that she was misled by the EEOC or that she took any action within the ninety-day period to commence her lawsuit.

Stelly asserts that she wrote a letter to the LCHR in which she used a return address different from the address on file with the LCHR and EEOC. She further asserts that Jonathan Harris with the LCHR faxed the letter to Maple Thomas on June 17, 2004, nine days after the issuance of the Dismissal and Notice of Rights. Stelly alleges she contacted Maple Thomas of the EEOC by telephone on October 19, 2004, after the ninety day period for filing the suit had expired. During that telephone conversation, Stelly advised Thomas of her new address. She requested that a copy of the Dismissal and Notice of Rights be mailed to her new address. Thomas mailed a copy of the Dismissal and Notice of Rights to Stelly the following day, October 20, 2004.[6]

---

[5] *Hood v. Sears Roebuck & Co.,* 168 F.3d 231, 232 (5th Cir. 1999); *see also Blumberg v. HCA Management Co. Inc.,* 848 F.2d 642, 644 (5th Cir. 1988); *Chappell v. EMCO Machine Works Company,* 601 F.2d 1295 (5th Cir. 1979); *Page v. U.S. Industries, Inc.,* 556 F.2d 346 (5th Cir. 1977)(allowing equitable tolling where the plaintiff filed a late complaint because he reasonably relied upon erroneous information from the EEOC).

[6] See EEOC envelope with postmark of October 20, 2004, Plaintiff Exh. E.

Equitable tolling requires a factual showing that the failure to timely file suit is not attributable to facts and circumstances not outside the plaintiff's control. *Espinoza* at 1250-1251. Clearly, Stelly is not entitled to equitable tolling. *See Baldwin County Welcome Center,* 104 S.Ct. at 1726 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Cruce v. Brazosport Independent School Dist.,* 703 F.2d 862, 864 (5th Cir.1983) (same); *Hibbard v. Don Love, Inc.,* 584 F.Supp. 2, 3 (S.D.Tex.1984) (fact that plaintiff was moving during the ninety-day period does not justify tolling); *Espinoza v. Missouri Pacific R. Co.,* 754 F.2d 1247, 1251 (C.A.Tex.,1985).

In *Scoggins v. Hillcrest Foods, Inc.,* 339 F.Supp.2d 702, 705 (M.D.N.C., 2004), the plaintiff moved to a new residence and failed to inform the EEOC of her new address after filing her complaint with the EEOC. The court held that the plaintiff's failure to provide the EEOC with a current mailing address is not a sufficient basis on which to apply the remedy of equitable tolling. *See St. Louis v. Alverno Coll.,* 744 F.2d 1314, 1316-17 (7th Cir.1984); *Hill,* 869 F.2d at 1124; *Anyanwu v. NCH Corp.,* 1998 WL 920327, at *4 (N.D.Tex.1998), 1998 U.S. Dist. LEXIS 20676, at *10 (each holding that the ninety-day period begins on the date the Right-to-Sue letter is received at the most recent address provided to the EEOC and failure by the plaintiff to inform the EEOC of a current address precludes equitable tolling of the statutory period).

Equitable tolling is inapplicable when the plaintiff fails to notify the EEOC of a new address. Summary Judgment will be granted.

Lake Charles, Louisiana, this 6 day of July, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE